# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MARYLAND
### (Northern Division)

| | |
|---|---|
| **ALLA VAYNER** <br> 1750 Daisy Rd <br> Woodbine, MD 21797-8414 <br><br> Plaintiff, <br><br> vs. <br><br> **BLOOMINGDALE'S, INC.** <br> 7 West Seventh St. <br> Cincinnati OH 45202 <br><br> Serve on: Resident Agent: <br> Corporate Creations Network Inc. <br> 2 Wisconsin Circle #700 <br> Chevy Chase MD 20815 <br><br> Defendant. | Case No.: _____ |

## COMPLAINT & JURY DEMAND

**NOW COMES**, Plaintiff Mrs. Alla Vayner, by and through her undersigned attorneys, George A. Rose, Esquire, and Rose Law Firm, LLC, and sues Bloomingdale's, Inc., for employment race and age discrimination, and retaliation. In support of her cause of action plaintiff state to this Honorable Court:

### I.  PRELIMINARY STATEMENT

1. This is action for declaratory, injunctive, monetary and other appropriate relief against Bloomingdale's, Inc. Plaintiff, Mrs. Vayner, seeks to redress intentional violations by Bloomingdale's, Inc., of rights secured to her by the laws of the United States and the State of Maryland. This action arises for (1) employment race discrimination, and retaliation in violation of Title VII of the Civil Rights Act of *1964* § 7, 42 U.S.C. § 2000e et seq. (*1964*). ("Title VII"), and the

1

Civil Rights Act of 1866 ("Section 1981"), as amended, 42 U.S.C.§ 1981, and Md. Code Ann., State Gov't. § 20-606(2), and employment age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621 et seq., including incorporated provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq, and Md. Code Ann., State Gov't. § 20-606(2).

## II. PARTIES

2. At all times relevant hereto, plaintiff, Mrs. Alla Vayner (hereinafter "Plaintiff" or "Mrs. Vayner") is a female Caucasian American residing in Woodbine Maryland. Additionally, at all times relevant Mrs. Vayner was more than 40 years old.

3. Defendant Bloomingdale's Inc., (hereinafter "Defendant" or "Bloomingdales") is a foreign corporation organized under the laws of the State of Ohio and that is registered under the laws of the State of Maryland. Bloomingdales has its principal place of business at 7 West Seventh St. Cincinnati OH 45202. Defendant "is an American luxury department store chain". At all times pertinent hereto, Bloomingdales, employed Plaintiff as a Counter manager for a retail store at Bloomingdale's Wisconsin Place, Chevy Chase, 5300 Western Avenue, Chevy Chase, MD 20815.

## III. JURISDICTION

4. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, 42 U.S.C. § 12117, and 29 U.S.C. § 1132(e), all of which provide for original jurisdiction of plaintiff's claims arising under the laws of the United States and over actions to secure equitable and other relief.

5. This Court has jurisdiction over Mrs. Vayner's claims under the statutory laws of the State of Maryland pursuant to this Court's supplemental jurisdiction as codified at 28 U.S.C. § 1367.

## IV. VENUE

6. Venue is proper in this district under 28 U.S.C. *§1391(a)(2),* and *§1391(b)(2)* because Bloomingdales is located in this district and the events or omissions giving rise to this claim occurred

in this district. Also, venue is proper in this district because the alleged unlawful employment practices were committed in this district, and the employment records relevant to the alleged unlawful employment practices are maintained and administered in this district.

## V.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. On or about October 15, 2018, Mrs. Vayner filed a Charge of Discrimination against Defendant, with the U.S. Equal Employment Opportunity Commission (EEOC) Charge No.: 531-2019-00154. More than one hundred and eighty (180) days have passed since Mrs. Vayner initially filed the above Charge of Discrimination, and pursuant to MCCR/EEOC regulations, Mrs. Vayner is entitled to obtain a right to sue letter. Mrs. Vayner has, therefore, exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

## VI.     FACTUAL ALLEGATIONS PERTINENT TO ALL COUNTS

8. On or about May 12, 2013 Defendant hired Mrs. Vayner as counter manager for its YVES Saint Laurent ("YSL") account. At all times relevant, Mrs. Vayner was supervised by Ms. Beverly Johnson, an African American female.

9. Throughout her employment, Mrs. Vayner performed her duties and responsibilities satisfactorily and satisfactorily met her performance goals and expectations.

10. On or about March 20, 2017, Ms. Johnson and her assistant Erika Joyner met with Mrs. Vayner, accused Mrs. Vayner of poor performance, and began to initiate disciplinary action against Mrs. Vayner. At the meeting Mrs. Vayner protested incorrect performance information for the YSL account, unfair treatment, and "been harassed by my manager and her assistant". During the meeting Ms. Vayner quietly remarked that: "maybe it's my age or my race?", Ms. Johnson heard Mrs. Vayner's whispered remark and ordered Mrs. Vayner to "go home and don't ever come back". Ms.

Vayner left for home. However, Mrs. Vayner returned to work as scheduled, after contacting Defendant's human resources office..

11. On or about May 8, 2017, Ms. Johnson issued Mrs. Vayner a Responsibility Based Performance Counselling Summary Form ("Counselling Summary") regarding performance expectations. At this time Mrs. Vayner was meeting her performance expectations.

12. On or about October 26, 2017, Mrs. Vayner had a meeting with Ms. Johnson and Defendant's HR manager Ms. Renee Hamilton about Plaintiff's performance and upcoming events of the YSL line. At the meetings Ms. Johnson falsely accused Mrs. Vayner of using the KKK sign or symbol to describe a client's religious beliefs. Mrs. Vayner logged a complaint with Ms. Hamilton that the allegations were false, offensive, and very disrespectful of Mrs. Vayner's religion as a Jewish person.

13. On or about March 17, 2018, a YSL Trend Show was held at Bloomingdales to promote the YSL line and business. During the event, Bloomingdales' YSL makeup artist ("Tiffany") disappeared for an extended period of time, was rude and disrespectful to the clients, Mrs. Vayner and a YSL freelance makeup artists supporting the event. Mrs. Vayner reported Tiffany's actions to Ms. Johnson. Tiffany, who is African American by appearance, also falsely reported to Ms. Johnson that Mrs. Vayner did not book necessary appointments or make sales for the event.

14. On or about April 5, 2018 Ms. Johnson issued Mrs. Vayner a Responsibility Based Performance Formal Reminder Form ("Formal Reminder"). The Formal Reminder, based in part on Tiffany's allegations, claimed that Mrs. Vayner's performance was not meeting expectation, and that Mrs. Vayner did not book necessary appointments or make sales for the YSL Trend Show. However, Mrs. Vayner provided documents showing that Mrs. Vayner did book necessary appointments and made significant sales for the event.

15. On or about April 29, 2018, Mrs. Vayner filed a "Solution In Store Complaint" against the April 5, 2018 Formal Reminder. Mrs. Vayner disputed the Formal Reminder allegation of irregular attendance and non-performance, complained of being targeted and complained that Ms. Johnson had unexpectedly increased Mrs. Vayner's yearly goals by thirty percent (30%) as oppose to the usual yearly increase of ten percent (10%).

16. On or about September 3, 2018, Mrs. Vayner was at the "La Mer" counter when two customers came to the counter. Ms. Johnson approached the customers and began to directly assist the customers. Ms. Johnson got the products the customers wanted and took them to the "Clinique" counter, even though the "Clinique" counter register was not yet open. Mrs. Vayner was still at the "La Mer" counter, with an open YSL register right next to it. However, Ms. Beverly asked the "Clinique" counter manager, to open the register and to ring up the clients. Mrs. Vayner immediately registered a complaint with HR about the unfavorable treatment by Ms. Johnson. However, Ms. Johnson responded that she did not want to give Mrs. Vayner the sale credit and was free to choose who she gives the sale credit to.

17. On September 5, 2018, Mrs. Vayner was suspended from work after Ms. Johnson requested to meet with Mrs. Vayner to "Touch Base" about Mrs. Vayner's August work performance. Mrs. Vayner declined to participate in the meeting after Mrs. Vayner's request for an outside union representative to be present at the "Touch Base" meeting was denied. As a result, Mrs. Vayner was immediately suspended and directed to go home. Ms. Vayner complied.

18. On or about September 13, 2018, Defendant fired Mrs. Vayner and replaced her with a younger, female individual, who to the best of Mrs. Vayner's knowledge, information and belief, is less than forty (40) years old and of Hispanic background..

19. On a number of occasions during Mrs. Vayner's employment, Ms. Johnson made discriminatory remarks directed at Mrs. Vayner. These remarks include: "we can always get rid of you and get someone younger" "we are getting too old for this" and "you all are getting too old for this". Furthermore, Ms. Johnson treated Ms. Vayner and other Caucasian employees less favorable than minority and younger employees, and bullied and harassed Caucasian employees.

20. Based on Plaintiff's knowledge, information and belief, Erica Joyner, an African American counter manager, failed to meet several of her performance targets, however, Beverly Johnson never took any disciplinary action against Ms. Joyner, and instead promoted Ms. Joyner.

## VII. COUNT ONE
**(Disparate Treatment Race Discrimination in Violation of Title VII & Section 1981)**

21. Mrs. Vayner incorporates all preceding and following paragraphs hereto, as though fully set forth herein, and further alleges that at all times relevant hereto Plaintiff was subjected to disparate treatment race discrimination in the work performance evaluation, disciplinary action and the termination of Plaintiff's employment.

22. Defendant intentionally, with malice and reckless indifference to federal, state and local laws prohibiting race discrimination in employment, directly discriminated against Plaintiff and treated Plaintiff less favorably than African American counter managers at Bloomingdales.

23. Plaintiff reasonably believes that the following actions of Defendant are discriminatory base on racial animosity against Plaintiff:: (1) September 5, 2018 suspension and termination of Plaintiff's employment; (2) issuing Plaintiff the April 5, 2018 Formal Reminder; (3) issuing Plaintiff the May 2017 Counselling Summary; (4) September 3, 2018 denial of customer sale and related commission; and, the frequent and repeated false claims and information in Plaintiff's performance evaluation.

24. Defendant had actual and/or constructive knowledge of the racially motivated disparate treatment against Plaintiff, and not only failed to take prompt and adequate remedial action, but instead, condoned the disparate treatment of Plaintiff by Plaintiff's supervisor.

25. As a direct, foreseeable, and proximate result of Defendant's unlawful actions, and specifically Defendant's racially motivated discriminatory disparate treatment, Plaintiff has suffered, loss of income, denial of promotion, anxiety, emotional distress, humiliation, shame, and embarrassment.

WHEREFORE, Plaintiff prays judgment against the Defendant, in the amount of three hundred thousand dollars ($300,000.00), plus her attorney's fees, cost of suit incurred, and for other and such further relief as may be deemed just and appropriate.

## VII. COUNT TWO

**(Age Discrimination in Violation of the ADEA & Section 1981)**

26. Mrs. Vayner incorporates all preceding and following paragraphs hereto, as though fully set forth herein, and further alleges that at all times relevant hereto Plaintiff was subjected to disparate treatment age discrimination in performance evaluations, disciplinary action and the termination of Plaintiff's employment.

27. Plaintiff is an employee within the meaning of the ADEA and belongs to the class of employees protected under the statute, namely, employees over the age of 40.

28. Defendant is an employer within the meaning of the ADEA.

29. Defendant intentionally discriminated against plaintiff because of her age in violation of the ADEA by (1) September 5, 2018 suspension and termination of Plaintiff's employment; (2) issuing Plaintiff the April 5, 2018 Formal Reminder; (3) issuing Plaintiff the May 2017 Counselling Summary; (4) September 3, 2018 denial of customer sales and related commission; (5) Plaintiff's

supervisor's frequent or repeated remarks that Plaintiff is too old for the job and can be replaced by a younger person; and, (6) the frequent and repeated false claims and information in Plaintiff's performance evaluation.

30. Defendant's conduct was an intentional and willful violation of the ADEA. Plaintiff is entitled to an award of liquidated damages within the meaning of the ADEA and the FLSA.

31. As a direct, foreseeable, and proximate result of Defendant's unlawful actions, and specifically Defendant's racially motivated discriminatory disparate treatment, Plaintiff has suffered, loss of her employment, loss of income, denial of promotion, anxiety, emotional distress, humiliation, shame, and embarrassment.

WHEREFORE, Plaintiff prays judgment against Defendant, in the amount of three hundred thousand dollars ($300,000.00), plus her attorney's fees, cost of suit incurred, and for other and such further relief as may be deemed just and appropriate.

## VIII.　COUNT TWO

### (Retaliation in Violation of Title VII & Section 1981)

32. Mrs. Vayner incorporates all preceding and following paragraphs hereto, as though fully set forth herein, and further alleges that at all times relevant hereto Plaintiff was subjected to retaliation for engaging in protected activities in violation of Title VII and Section 1981.

33. Plaintiff reasonably believes that she engaged and was engaging in protected activities when Plaintiff's complaint on September 3, 2018 to Defendant's human resources office about Ms. Johnson passing over Plaintiff to give customer sales to another counter manger whose register was not open. Plaintiff also believes she engaged in protected activity on September 5, 2018 when she sought to have an appropriate union representative present for a performance review that the supervisor requested. Plaintiff further engaged in protected activities in April 2018 when Plaintiff

filed an "Solution In Store Complaint" alleging that Ms. Johnson was targeting Plaintiff for discriminatory treatment.

34. In response to Plaintiff's protected activities, Defendant suspended Plaintiff on September 5, 2018 and fired Plaintiff on September 13, 2018. These actions by Defendant constitute adverse action and was causally linked to Plaintiff's protected activities.

35. Defendant was fully aware of the retaliatory acts against Plaintiff detailed in the foregoing paragraphs and were deliberately indifferent by disregarding the known or obvious conduct toward the Plaintiff, and actually participated in the retaliation against Plaintiff.

36. As a direct and proximate result of the discriminatory retaliation, Plaintiff has suffered loss of income and benefits, and has suffered injury to her reputation, injury to her career, pain, mental anguish, and humiliation; and, faces irreparable harm and future losses.

WHEREFORE, Plaintiff prays judgment against Defendant, in the amount of three hundred thousand dollars ($300,000.00), plus her attorney's fees, cost of suit incurred, and for other and such further relief as may be deemed just and appropriate.

## XII. PRAYER FOR RELIEF

WHEREFORE, Mrs. Vayner prays that this court enter judgment in her favor and grant Mrs. Vayner the maximum of relief allowed by law, including, but not limited to:

(a) compensatory damages of $900,000;

(b) Punitive damages of $1,000,000

(c) back pay and front pay; Mrs. Vayner

(d) a declaration that Defendant's actions violated Title VII, and Section 1981;

(e) attorney's fees, and costs;

(f) both pre-judgment and post-judgment interest; and,

**(g)** any such other relief as are just and equitable under the circumstances.

## XIII. JURY DEMAND

Mrs. Vayner requests a trial by jury on all issues and Counts stated herein.

Respectfully Submitted,

*/s/ George Rose*
George A. Rose, Esquire
Federal Bar Number: 26086
Rose Law Firm, LLC
200 E. Lexington Street, Suite 1305
Baltimore, MD 21202
Ph: 410-727-7555 / Fax: 443-320-0962
Email: grose@roselawfirm.net
Attorney for Plaintiff *Alla Vayner*